UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| KEITH HENDERSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:14-cv-00201-NT |
| ROBERT TOOLE, *et al.*, | ) ) ) ) | |
| Defendants | ) | |

## RECOMMENDED DECISION

In this action, Plaintiff Keith Henderson seeks relief for alleged civil rights violations arising out of an incident or incidents that occurred while he was incarcerated in Georgia. (Complaint, ECF No. 1.)[1] Plaintiff is incarcerated in state prison in Reidsville, Georgia. In his complaint, Plaintiff does not allege any connection to Maine.

Pursuant to 28 U.S.C. § 1915A, Plaintiff's complaint is subject to preliminary screening, and, in accordance with 28 U.S.C. § 1406(a), the case is subject to possible dismissal for improper venue. The recommendation is that the Court dismiss the case without prejudice due to improper venue.

---

[1] This is not the only case Plaintiff has filed in this Court. In *Henderson v. Thrash*, No. 1:14-cv-00202-NT, Plaintiff filed a complaint, a motion to amend the complaint, and a motion to proceed *in forma pauperis*. That claim named as defendants judges and court personnel in various jurisdictions outside Maine. A recommended decision was issued on June 9, 2014, noting that Plaintiff is subject to the "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. §1915(g), as a result of the many frivolous and meritless claims he has filed in the United States District Court for the Southern District of Georgia and elsewhere. *See Henderson v. Thrash*, No. 1:14-cv-00202-NT, ECF No. 4 (Report and Recommended Decision) (D. Me. June 9, 2014) (citing, *inter alia, In re Keith Henderson*, No. 3:12-mc-00002-DHB (S.D. Ga. Dec. 18, 2012, and Jan. 17, 2014); *Henderson v. Wright*, No. 3:11-cv-00110-DHB-WLB, at 2-3 & n.2 (S.D. Ga. Jan. 10, 2012)). *See Henderson v. Wright*, No. 3:11-cv-00110-DHB-WLB (S.D. Ga. Feb. 7, 2012) (order adopting). It was recommended that *Henderson v. Thrash* be dismissed without prejudice due to improper venue, and that the motions be denied. (Report and Recommended Decision, ECF No. 4.)

28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because 42 U.S.C. § 1983 contains no venue provision, the appropriate venue is determined by reference to 28 U.S.C. § 1391(b), which states:

> A civil action may be brought in—
>
> **(1)**  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)**  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)**  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Parker v. Barbie*, No. 14-800, 2014 WL 1820049, at *1, 2014 U.S. Dist. Lexis 62431 (E.D. La. May 6, 2014). A review of the complaint confirms that Plaintiff has not alleged any connection to Maine. "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished). The interests of justice favor dismissal rather than transfer of the case to another district.[2] In accordance with 28 U.S.C. § 1406(a), therefore, the recommendation is that the Court dismiss the case.[3]

---

[2] *See Henderson v. Butts*, No. 3:13-cv-00053-DHB-BKE (S.D. Ga. Aug. 15, 2013). In the court's order terminating all pending motions and closing the case, the court noted that Plaintiff, perhaps unknowingly at that point, "accomplished an end-run around the procedure established in this district to handle his filings," because the case "would not have been opened but for the fact that it was transferred in from another district." *Id.*

[3] Dismissal of the claim due to improper venue, rather than on its merits, does not imply that the claim has merit. Plaintiff is on notice that regardless of the jurisdiction in which he files or attempts to file suit, and regardless of whether he must pay the filing fee, his case may be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) if he seeks to proceed *in forma pauperis*, or otherwise under 28 U.S.C. § 1915A(b), if the claim is found to be "frivolous

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court dismiss the case without prejudice based on improper venue.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

|  |  |
|---|---|
| June 11, 2014 | /s/ John C. Nivison<br>U.S. Magistrate Judge |

---

or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief" from "a defendant who is immune from such relief."